[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR CONTEMPT
The plaintiff has moved for contempt on the ground that the defendant has failed to reimburse her for one-half of certain expenses she has for dental, orthodontic and eye care of their minor children. Both parties agree and the court file reflects that the original divorce judgment dated February 16, 1990, provided that the defendant should "maintain medical insurance as available through his employer for the benefit of the minor children" and that "[a]ll unreimbused medical expenses of the minor children shall be shared equally by the parties."
The present motion for contempt raises the question whether the unreimbused medical expenses that the defendant is obligated to share with the plaintiff include the dental, orthodontic and eye care expenses sought here by plaintiff.
The court agrees with the defendant that the term "medical expenses" does not ordinarily include costs of dental and orthodontic care. Most separation agreements separately specify the allocation of responsibility for medical and dental insurance and expenses.[1] In the present case, testimony offered at the contempt hearing from both parties established that the defendant has, since the divorce judgment, paid for the costs of dental insurance for the minor children since 1990 and had made at least one payment for unreimbused dental expenses. The defendant testified at hearing on this motion that he has paid for the dental insurance gratuitously and without legal compulsion to do so. He sought to explain his prior payment for dental expenses by asserting that he had not realized that the unreimbused health care expenses which plaintiff was asking him to pay included dental and orthodontic expenses and that as soon as he realized they did he refused to make such payments. None of the evidence before the court is inconsistent with these claims made by the defendant.
The plaintiff urges the court to find that the defendant's payments for dental insurance, although not explicitly required by the 1990 agreement, show that agreement intended the term "medical expenses" to include dental and orthodontic expenses. The plaintiff has asked the court, for policy reasons, to adopt an expansive definition of the "medical expenses" in the CT Page 14218 interests of the health and well-being of the minor children. This court concurs with others that "[t]he term `medical expense' as used in dissolution decrees must be interpreted broadly because such decrees generally provide for the maintenance of the former spouse and children." Guisto v. Guisto, Judicial District of Danbury, No. 30 71 31, 1994 Ct. Sup. 8722, 8723 (Aug. 31, 1994; Flynn, J.). Liberal interpretation, however, does not mean ignoring the plain meaning of words. The court is certainly sympathetic to the needs of these and the other minor children that family law cases so often affect, but must also consider the effect of converting gratuitous displays of love and affection into binding legal obligations. A parent giving his or her child more than a divorce judgment requires is to be admired and hoped for, not discouraged. This court is reluctant to hold that by making voluntary gifts or payments beyond those legally required, a non-custodial parent thereby expands his or her legal obligations; such a holding might actually have the effect of discouraging the displays of love, affection and generosity that one would hope from non-custodial parents. Thus the court believes that the mere payment of dental insurance and one payment for dental expenses has not converted the February 1990 agreement into a more expansive obligation. Nor does the court believe that such payments necessarily mean that the February 1990 agreement was intended to include dental expenses. The meaning of the words used by the parties then were clear and unambiguous. Medical expenses do not cover dental expenses.
The plaintiff also has included in her contempt motion the claim that plaintiff has improperly failed to pay for eye glass expenses and other eye care treatment. The 1990 agreement does not specify vision expenses, and this court is aware that it is commonplace to refer specifically to vision expenses in divorce judgments. But the term "medical expenses" does not so obviously exclude eye care expenses as it does dental expenses. The court thus believe it appropriate to apply the reasoning of Bucy v.Bucy, 23 Conn. App. 98, 579 A.2d 117 (1990), where the court found that the cost of psychotherapy to treat bulimia and anorexia held to be a medical expense, the court believes that expenses for eye care treatment do qualify as medical expenses, to the extent that such expenditures are made in connection "with the diagnosis, cure, mitigation, or prevention of disease or for the purpose of affecting any structure or function of the body or mind." 23 Conn. App. at 101-102. Expenses for an eye examination and eye glasses would seem to meet this standard adopted by the court in Bucy.
CT Page 14219
Accordingly, the court finds from the evidence offered here that the term "medical expenses" in the present case does not include expenses for dental, and orthodontic care but does encompass the eye care expenses sought by plaintiff. In view of the legitimate dispute over the interpretation of the decree between the parties on these issues and the court's mixed decision, the court will not issue a contempt finding now or award counsel fees; see Bucy v. Bucy, 23. Conn. App. at 101; but unless the defendant has paid half of the unreimbused eye care expenses within thirty days of the mailing of this decision to the parties, plaintiff may reclaim this motion and seek counsel fees for the additional time beyond today necessary to recover those expenses.
SO ORDERED. BY THE COURT
BY: Stephen F. Frazzini, Judge of the Superior Court
Date: _______________________________________________